J-S37043-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ISIAH MICKEALS | : | |
| | : | |
| Appellant | : | No. 2813 EDA 2017 |

Appeal from the PCRA Order August 3, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000701-2013

BEFORE: OLSON, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.: **FILED JULY 09, 2018**

Appellant, Isiah Mickeals, appeals *pro se* from the August 3, 2017, order entered in the Court of Common Pleas of Philadelphia County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, without an evidentiary hearing. After a careful review, we affirm.

The relevant facts and procedural history are as follows: Appellant was arrested in connection with the shooting death of Jose Ortiz, and he proceeded to a jury trial at which he was convicted of second-degree murder, robbery, carrying a firearm without a license, and possession of an instrument of crime.[1] The trial court sentenced Appellant to an aggregate of life in prison, and Appellant filed a timely direct appeal to this Court.

---

[1] 18 Pa.C.S.A. §§ 2502(b), 3701(a)(1)(ii), 6106, and 907, respectively.

---

\* Former Justice specially assigned to the Superior Court.

On appeal, Appellant alleged the trial court erred in denying his pre-trial motion to suppress statements Appellant made to the police, and he challenged the sufficiency of the evidence as to all of his convictions. Finding no merit to the claims, this Court affirmed the judgment of sentence. **See Commonwealth v. Mickeals**, No. 3564 EDA 2014 (Pa.Super. filed 11/20/15) (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on April 11, 2016.

On March 30, 2017, Appellant filed a timely, *pro se* PCRA petition, and the PCRA court appointed counsel to assist Appellant. Counsel filed a petition seeking to withdraw his representation, along with a **Turner/Finely**[2] "no-merit" letter. The PCRA court provided Appellant with notice of its intent to dismiss the petition under Pa.R.Crim.P. 907, and Appellant filed a response to the PCRA court's notice. By order and opinion entered on August 3, 2017, the PCRA court dismissed Appellant's PCRA petition and permitted counsel to withdraw. This timely, *pro se* appeal followed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925(b) statement, and consequently, no such statement was filed.

On appeal, although inartfully drafted, Appellant contends the Confrontation Clause of the Sixth Amendment was violated when the trial court permitted testimony indicating that Malcom Ransom, who did not testify, gave a statement to the police wherein he identified Appellant as the

---

[2] **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

perpetrator of the shooting. Appellant contends that his confrontation rights were violated since he had no opportunity to cross-examine Mr. Ransom.[3] We find this issue to be waived.

It is well-settled that:

> In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error. To qualify for relief under the PCRA, an appellant must establish, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S.A. § 9543(a)(2) [and] that his claims have not been previously litigated or waived[.]. . .An issue is waived if the appellant "could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." *Id.* § 9544(b).

***Commonwealth v. Bomar***, 629 Pa. 136, 104 A.3d 1179, 1188 (2014) (quotation marks and quotation omitted). ***See Commonwealth v. Rainey***, 593 Pa. 67, 928 A.2d 215, 224 (2007) ("A PCRA claim is waived 'if the petitioner failed to raise it and if it could have been raised before the trial, at the trial, on appeal, in a *habeas corpus* proceeding or other proceeding

---

[3] Appellant also baldly suggests he "had no chance to cross-examine alleged witnesses John Washington, Curtis [W]ashington or said confidential informant 'Raven.'" ***See*** Appellant's Brief at 2. Without further development of this assertion on appeal, we find it to be waived. ***See Commonwealth v. Beshore***, 916 A.2d 1128, 1140 (Pa.Super. 2007) (*en banc*) (noting the failure to adequately develop an argument in an appellate brief may result in waiver of the claim under Pa.R.A.P. 2119); ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa.Super. 2003) ("[A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant.") (citation omitted)).

actually conducted or in a prior proceeding actually initiated under this subchapter.' 42 Pa.C.S.A. § 9544(b).").

Here, we conclude Appellant has waived his substantive claim of error under Section 9455(b) as he could have raised it, but failed to do so, on direct appeal.  Thus, Appellant is not entitled to relief,[4] and we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/9/18

---

[4] To the extent Appellant contends PCRA counsel was ineffective in failing to raise his confrontation clause claim regarding Mr. Ransom in the PCRA court, we find the issue to be waived.  It is well-settled that, when counsel files a **Turner/Finley** "no-merit" letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in his response to the PCRA court's notice of intent to dismiss.  **See Commonwealth v. Ford**, 44 A.3d 1190, 1198 (Pa.Super. 2012).  Here, Appellant suggested generally in his response that PCRA counsel was ineffective in failing to raise in his "no-merit" letter that "hearsay witnesses" were permitted to testify, in violation of Appellant's "right to confront his accusers."  Appellant's Response, filed 7/24/17, at 2.  However, Appellant did not identify the "hearsay witnesses," let alone suggest in any manner that PCRA counsel should have challenged the introduction of Mr. Ransom's statement on the basis he was not subject to cross-examination.